This case reaches us on an appeal from a summary judgment. The dispositive issue involves Alabama's fictitious party rule, A.R.Civ.P. 9 (h).
On August 12, 1979, Emogene Kinard, a tenant of the Magnolia Inn Apartments in Mobile, fell in the apartment's parking lot while carrying a small trash can toward the apartment's garbage collection point. The parking area had recently been resurfaced and Kinard claims that her fall was the proximate result of the uneven condition of the surface.
Kinard retained an attorney, who contacted her lessor, C.A. Kelly Co., Inc. Kelly Co. (hereinafter Kelly Co.), informed Kinard's lawyer that it managed the apartments on behalf of the owners of the complex, "a group of men including Alex Foreman and Larry McKinney." On August 8, 1980, Kinard's lawyer filed an action on her behalf against the Magnolia Inn Apartments, C.A. Kelly Co., Inc., Alex Foreman, Larry McKinney, and fictitious parties described as owners of the premises. Kelly Co. was the only defendant served with a copy of the summons and complaint.
Although Kinard's brief states that her lawyer commenced "informal discovery efforts" soon after the complaint was filed, in an attempt to discover the true identities of the other owners and the addresses of Foreman and McKinney, we find no evidence in the record of any attempts to discover the true identities of the fictitious parties until January 1983, when the plaintiff propounded interrogatories to Kelly Co. In response to Kinard's interrogatories, Kelly Co. informed Kinard that the apartments were owned by Wade Faulkner, William Healy, Max McLaughlin, Larry McKinney, Michael Maitre, John Robertson, and Alex Foreman. Upon being informed of the names and addresses of the owners, Kinard immediately amended her complaint in an attempt to substitute the named individuals for the fictitious parties. She obtained service on the defendants substituted for the fictitious parties and on the defendants named in the original complaint who had not been served.
The defendants filed a motion for summary judgment. It was based on two grounds. First, all of the defendants argued that recovery could not be had against any of them because of the presence of an exculpatory clause in the lease under which Kinard was occupying the apartment. Second, the defendants who were substituted for the fictitious parties pleaded the statute of limitations. The trial court granted the motion as to all defendants, and Kinard appeals.
We need not address the issue regarding the exculpatory clause. The defendants concede that, in light of this Court's decision in Lloyd v. Service Corp. of Alabama, Inc.,453 So.2d 735 (Ala. 1984), they are not entitled to a summary judgment, at least at this stage of the proceedings, on that ground.
Resolution of the statute of limitations issue will require application of the fictitious party rule, A.R.Civ.P. 9 (h). Under Alabama law, when a plaintiff has a *Page 135 
cause of action against someone, but is ignorant of the person's identity, he may in his pleadings designate that person by any name and, thereafter, when he ascertains the true identity of the defendant, he may amend his pleadings and substitute the party's true name for the fictitious one. A.R.Civ.P. 9 (h). An amendment pursuant to Rule 9 (h) substituting the defendant's true name for a fictitious one is not an amendment changing the party against whom a claim is asserted. The substitution of a named defendant for a fictitious one relates back to the date of the original pleading. A.R.Civ.P. 15 (c). When, as is the case here, the amendment purporting to substitute parties takes place after the expiration of the statute of limitations, the question whether the amendment was made pursuant to Rule 9 (h) becomes crucial, since the action would otherwise be time-barred.
In order to proceed under Rule 9 (h), the plaintiff must be ignorant of the identity of the fictitious party when he files the original complaint and he must state a cause of action against the fictitious party in the body of the original complaint. Phelps v. South Alabama Elec. Co-Op, 434 So.2d 234,236 (Ala. 1983). In this case the fictitious parties were clearly designated in the body of the complaint. The issue here, therefore, involves the "knowledge" element and the length of time which elapsed between the filing of the complaint and the amendment.
The defendants point out that in Columbia Engineering Int'l.Ltd. v. Espey, 429 So.2d 955, 959 (Ala. 1983), this Court stated that Rule 9 (h) is applicable to cases where the plaintiff "has been unable to ascertain through due diligence the name of the responsible party or entity." Defendants argue that "some standard of reasonable investigation must be imposed on a plaintiff in order to coordinate Rule 15 (c) with the general purpose of statutes of limitation `to prevent stale claims from springing up after long periods of time and surprising the parties or their representatives when evidence has become lost or the facts have become obscure from the lapse of time.'" In support of the imposition of a duty of "reasonable investigation," they rely on the reference to "due diligence" in Columbia Engineering, supra, and on a line of cases in which this Court has refused to apply the relation-back principle in instances where there has been an inordinate delay from the time the plaintiff acquired knowledge of the fictitious party's true identity until actual substitution of the party's true name. See Walden v. MineralEquipment Co., 406 So.2d 385 (Ala. 1981).
Plaintiff argues that the record shows it to be uncontroverted that she did not discover the defendants' true identities until May 1983, and that she promptly proceeded to amend her complaint upon learning the defendants' true identities. She argues that the "due diligence" standard advocated by the defendants would be at odds with the plain wording of the rule, which embodies a standard based only on the plaintiff's lack of actual knowledge.
After the statute of limitations has run for purposes of adding new defendants, a plaintiff may substitute a named defendant for a fictitious one if Rule 9 (h) has been complied with. Although the express language of the statute does not require the plaintiff to substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity, this Court has imposed such a duty.Walden, supra. Clearly, the policy reasons for having a statute of limitations militate in favor of such a result. The diligent plaintiff who is truly ignorant of the defendant's identity at the time of filing the original complaint is not penalized. The recalcitrant plaintiff cannot, however, use the rule to gain what might otherwise amount to an open-ended statute of limitations. We opine that the same policy considerations which require a plaintiff to amend his complaint within a reasonable time after learning the defendant's true identity also require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant. *Page 136 
In this case the plaintiff was injured on August 12, 1979. She filed her action on August 8, 1980, but did not propound interrogatories in an attempt to determine the true identities of the owners until January of 1983. In our opinion, the plaintiff did not act reasonably in waiting for that length of time before attempting to determine the defendants' identities. She should not be allowed, therefore, to substitute them for the fictitious parties named in the complaint.
The opinion of the trial court is affirmed in part; reversed in part; and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.