Appeal by plaintiffs, George T. Halbrooks and Martha S. Halbrooks, from a summary judgment granted in favor of defendant Wayne Jackson in plaintiffs' action against Jackson and others based upon fraudulent misrepresentation. We affirm.
The action arose from a real estate transaction. Plaintiffs alleged in their complaint that Jackson (the owner of the land in question), Contempo Properties, Inc. (hereinafter "Contempo"), and Louis Dawkins placed a newspaper advertisement representing that Contempo had certain real property for sale, namely, a three-bedroom house situated on two and one-half acres of land. Plaintiffs alleged that Mrs. Halbrooks telephoned Dawkins, the selling agent, and that Dawkins represented to her at that time, and also to her and her husband on several subsequent occasions, that the advertised property did consist of two and one-half acres. Plaintiffs further alleged that they entered into a contract of purchase for this property with Contempo and Dawkins, who plaintiffs allege were acting as Jackson's agent, and who at that time again represented the property as containing two and one-half acres. The sale was closed when plaintiffs paid the $23,000 sales price and received a deed to the property. Plaintiffs allege that in closing the sale they relied upon the representations as to acreage. They allege alternatively in several counts that those representations were knowingly false, or were made recklessly, wantonly, or negligently, because the plaintiffs learned after purchasing the property that the tract of land contained less than two and one-half acres.
Defendant Jackson answered with several defenses, including a general denial, the presence of a merger clause in the contract, the personal on-site inspection of the subject property by the plaintiffs, a denial of any representations by Jackson himself, and a denial of any authority in Contempo or Dawkins to make such representations for him.
Jackson filed interrogatories and a request for admissions and also filed a cross-claim against Contempo. Plaintiffs answered Jackson's request for admissions and took his deposition. Jackson then moved for summary judgment. Judging from the trial court's order, it is apparent *Page 592 
that the court had before it the pleadings, the request for admissions and plaintiffs' responses thereto, the sales contract, and the depositions of Jackson and George and Martha Halbrooks. The court granted summary judgment for Jackson. That judgment was made final pursuant to Rule 54 (b), A.R.Civ.P. The plaintiffs appeal.
The undisputed facts to be derived from the materials before the court when it granted summary judgment follow:
Jackson owned Lots 13, 14, and 15 of a subdivision known as Bonita Park in Jefferson County, Alabama. He lived in Panama City, Florida. He was contacted by telephone by Dawkins, a real estate salesman employed by Contempo, who inquired of Jackson's interest in selling the property. Jackson authorized Dawkins to sell the property at a price of $25,000 net to Jackson, and he told Dawkins to obtain the description of the property from the courthouse. Jackson stated to Dawkins that he, Jackson, had lots 13, 14, and 15, less whatever he had given by a right-of-way deed to Jefferson County, and that he did not have any idea about the footage. Dawkins asked Jackson whether Jackson's mother, who lived next door to the property, could sign a paper giving him authority to list the property. Jackson gave his consent, and his mother signed Jackson's name to the listing form.
Mrs. Halbrooks executed the sales contract for herself and her husband. The contract described the property as "Lots 13, 14, 15, Block 5 Survey of Bonita Park MB-18 Page 65." The contract contained a standard merger clause.
After the sales contract was executed by Mrs. Halbrooks, but before the closing, Mr. Halbrooks began to entertain doubts concerning the acreage. On each of the first two days following the signing of the contract, he made a visual inspection of the premises, and his inspections did not satisfy his doubts. Every day thereafter until the closing, Mr. Halbrooks instructed his wife to get the dimensions of the property from Dawkins, but these were not forthcoming. Although still unsatisfied with the actual dimensions, Mr. and Mrs. Halbrooks attended the closing at an attorney's office, paying the purchase price and taking a deed whose property description recited:
 "Lots 13, 14 and 15, Block 5, according to the Survey of Bonita Park, as recorded in Map Book 18, Page 65, in the Probate Office of Jefferson County, Alabama."
Following the closing, Mr. and Mrs. Halbrooks brought this action for fraudulent misrepresentation. They alleged that the three lots together contained not two and one-half acres, but slightly less than one acre.
It is undisputed that Jackson himself made no representations of any kind to either Mr. or Mrs. Halbrooks. Nevertheless, the Halbrookses maintain that Dawkins made the misrepresentations concerning the quantity of the land in his capacity as agent for Jackson; thus, they contend, Jackson was liable to them. We need not reach this issue as to Dawkins's authority, however, or other issues raised by the plaintiffs, for the following reasons:
Our decisions clearly establish that a reliance upon a representation must be reasonable, and that when one has reason to doubt the truth of the representation made to him, or is informed of the truth before he acts, that party has no right to act upon the representation. Midstate Homes, Inc. v. Holt,52 Ala. App. 415, 293 So.2d 476 (1974). Moreover, knowledge of facts which ought to excite inquiry and which, if pursued, would lead to knowledge of other facts, operates as notice of the other facts. Williams v. Dan River Mills, Inc., 286 Ala. 703, 246 So.2d 431 (1971). See also Bedwell Lumber Co. v. T TCorp., 386 So.2d 413 (Ala. 1980), and Mahoney v. Forsman,437 So.2d 1030 (Ala. 1983).
It is clear from the Halbrookses' own depositions that they doubted the representation as to the acreage of the three lots from a time shortly after they entered the sales contract to the date of closing, i.e., from April 30 until May 4, 1979. Mr. *Page 593 
Halbrooks personally inspected the tract on successive days and did not believe it contained two and one-half acres. He knew he could get the dimensions from the survey on record at the courthouse, but he did not do so. Mr. Halbrooks doubted Dawkins's representation concerning the acreage from the beginning; nevertheless, he willingly closed the transaction under the contract whose description referred only to the lots themselves and not to acreage. Likewise, Mrs. Halbrooks knew of her husband's doubts and shared them at the closing.
It is clear from the undisputed facts that the plaintiffs doubted the representations they now complain of, and that they had available a reasonable means of ascertaining the correct acreage. Any reliance upon the representations would have been unreasonable, as a matter of law. Because the element of reasonable reliance, necessary to plaintiffs' fraud claim, was missing, they could not recover. Any unsettled question of fact would not be "material," and defendant Jackson was entitled to a judgment as a matter of law. The summary judgment was proper. See Rule 56 (c), A.R.Civ.P.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.