PER CURIAM.
On June 18, 1990, the plaintiff, Lezlie Sherrin, filed a wrongful death action in the Circuit Court for Baldwin County. The original complaint named as defendants Thomas Hospital, Dr. Michael L. McBrearty, and fictitiously named defendants. The complaint was amended on three occasions to add and substitute additional defendants as discovery progressed. On June 10, 1991, defendant Bay Emergency Physicians, P.A. (“Bay”), who had been substituted for a fictitiously named defendant, filed a motion to dismiss the complaint, based upon a statute of limitations argument. On July 30, 1991, defendant Dr. William Bose, who had been substituted for a fictitiously named defendant, filed a motion for a summary judgment, based upon a statute of limitations argument. Both of these motions were treated as motions for summary judgment, and, after taking them under submission to determine whether the plaintiff could have discovered the defendants’ addresses within the two-year limitations period, the trial court entered summary judgments as to these two defendants on November 19, 1991. The plaintiff appealed on December 5, 1991. We affirm.
The issue on appeal is whether the trial court erred in holding that the plaintiff’s claims against the defendants were barred by the statute of limitations on the basis that the plaintiff’s counsel failed to properly substitute defendants for fictitiously named defendants under Rule 9(h), A.R.Civ.P., so that the substitution related back to the filing of the original complaint pursuant to Rule 15(c). The defendants were set forth in the original complaint as follows:
“THOMAS HOSPITAL; Defendant number 1 being the proper legal designation of the entity known as Thomas Hospital; DR. MICHAEL L. McBREARTY; Defendant number 2 being that person or entity responsible for the diagnosis, care and treatment of plaintiff’s decedent at the times set forth in the complaint; Defendant number 3 being that person or entity which failed to properly attend to the medical condition of plaintiff’s decedent as set forth in the complaint; all of whose true and correct names are otherwise unknown but will be added by amendment when properly ascertained.”
The plaintiff’s cause of action against Bay is governed by the Wrongful Death Statute.[1] The statute requires that “such action must be commenced within two years from and after the death of the testator or intestate.” Alabama Code 1975, § 6-5-410. In this case, the death occurred on March 1, 1989; thus, the two-year limitations period expired on March 1, 1991. The plaintiff’s second amended complaint, which substituted Bay for a fictitiously named defendant, was filed on May 24, 1991, about two and one-half months after the two-year limitations period had expired. The plaintiff knew of Bay’s true identity before the statutory period of limitations expired. The record reflects that, despite this knowledge, the plaintiff failed to amend the complaint until after the period had expired. The plaintiff’s claim is thus time-barred, because she failed to properly substitute Bay for a fictitiously named defendant under Rule 9(h), A.R.Civ. P., so that the substitution related back pursuant to Rule 15(c), to the filing of the original complaint.
In order to invoke the relation-back principle and proceed under the fictitious party rule, the plaintiff has the burden of satisfying two conditions:
“1) plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no *366 knowledge at the time of the filing that the later named party was in fact the party intended to be sued.”
Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955, 958-59 (Ala. 1983). In Columbia Engineering, we stated that Rule 9(h) is applicable where the plaintiff “has been unable to ascertain through due diligence the name of that responsible person or entity.” Id. at 959. In Kinard v. C.A. Kelly & Co., 468 So.2d 133, 135 (Ala.1985), we said that the plaintiff must “proceed in a reasonably diligent manner in determining the true identity of the defendant.” After the plaintiff has discovered the true identity of the fictitiously named party, the plaintiff is then under a duty to promptly amend the complaint to reflect the true defendant. See, e.g., Kinard, 468 So.2d at 135 (the plaintiff must substitute the named defendant within a “reasonable time” after determining the defendant’s true identity); Peek v. Merit Machinery Co., 456 So.2d 1086, 1091 (Ala.1984) (the courts have refused to apply the relation-back principle to instances where there has been an “inordinate delay” after the plaintiff determined the defendant’s true identity).
We have carefully reviewed the record, and it clearly demonstrates that the plaintiff was placed on notice of Bay’s true identity when the defendant Dr. McBrearty and the defendant Thomas Hospital submitted their answers to the plaintiff’s interrogatories on July 24, 1990, and July 31, 1990, respectively, and therein identified “Bay Emergency Physicians” as Dr. Bose’s employer. The plaintiff’s interrogatories asked:
“4. Please state the name and address of the first physician to see plaintiff’s decedent at the emergency room or hospital on March 1, 1989.” Both Dr. McBrearty and Thomas replied:
“4. Dr. William Bose.”
The plaintiff further asked:
“5. What was the relationship of the above-described physician to defendant’s hospital on that occasion?” Both defendants answered:
“5. Dr. Bose was an employee of Bay Emergency Physicians with whom Thomas Hospital had a contract to furnish emergency room physician services.”
The plaintiff’s counsel waited almost 10 months before amending the complaint. The limitations period expired approximately seven months after the plaintiff’s counsel was informed that Bay was the employer of the first physician to see the plaintiff’s decedent in the hospital. In Columbia Engineering, 429 So.2d at 959, we said:
“[T]he principal reason for the rule is to toll the statute of limitations in emergency cases where plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity.... A contrary rule would emasculate the statute of limitations, which sets the time period a plaintiff has in which to determine who has hurt him and how.”
In this case, the plaintiff had notice of Bay’s identity within the statutory limitations period; however, the plaintiff did not have Bay’s address. To read the rule to mean that the statutory period of limitations is tolled until the plaintiff obtains the address of the fictitiously named defendant would be contrary to the purpose of Rule 9(h), A.R.Civ.P.
In Kinard v. C.A. Kelly & Co., 468 So.2d 133, 135 (Ala.1985), we said:
“After the statute of limitations has run for purposes of adding new defendants, a plaintiff may substitute a named defendant for a fictitious one if Rule 9(h) has been complied with. Although the express language of the statute does not require the plaintiff to substitute the named defendant for the fictitious party within a reasonable time after determining the defendant’s true identity, this Court has imposed such a duty. Clearly, the policy reasons for having a statute of limitations militate in favor of such a result_ The recalcitrant plaintiff cannot ... use the rule to gain what might otherwise amount to an open-ended stat *367 ute of limitations. We opined that the same policy considerations ... require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant.”
It appears that reasonable diligence would have provided the plaintiff with Bay’s address. The trial court illustrated this fact in its order entering the judgment in favor of Dr. Bose:
“Motion for summary judgment in favor [of] William Bose and against plaintiff is granted because his name appeared in the Mobile telephone book and his license is on file with the State in Montgomery. Motion for summary judgment in favor of Bay Emergency Physicians, P.A., and against plaintiff is granted because certificate of incorporation is on file in the Baldwin County Probate office. The court expressly finds that there is no just reason for delay and directs the clerk to enter both judgments pursuant to Rule 54(b), A.R.Civ.P.”
The same reasoning applies to Dr. Bose. On July 26, 1990, slightly over a month from the date of filing of the plaintiffs complaint, Dr. McBrearty answered the plaintiffs interrogatories and clearly stated that Dr. William Bose was the first physician to see the plaintiffs decedent in the emergency room on March 1,1989. Dr. McBrearty also answered that Dr. Bose was an employee of Bay Emergency Physicians, with whom Thomas Hospital had a contract for emergency room physician services. Thus, as of July 26, 1990, the plaintiff was in possession of the correct name of the attending physician who first saw and treated the plaintiffs decedent in the emergency room and she was informed that Dr. Bose was an employee of Bay. Not until June 26, 1991, did the plaintiff file a third amendment to her complaint that substituted Dr. William Bose as a defendant. The plaintiffs complaint against Dr. Bose is barred by the statute of limitations and is not saved by Alabama’s fictitious-party pleading rule, because the plaintiff had actual knowledge of the identity of Dr. Bose as a treating physician well within the statutory period, yet did not timely amend her complaint. For the reasons stated, the judgments are affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
HORNSBY, C.J., and KENNEDY and INGRAM, JJ., dissent.

. The plaintiff’s complaint "demands judgment against all defendants, separately and severally, in accordance with the laws and dictates of the Alabama Medical Liability Act and for such damages as a jury may assess after a full and fair consideration of the facts.” The AMLA requires that “all actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards.” Alabama Code 1975, § 6-5-482.