The plaintiff appeals from a judgment based on directed verdicts entered for two defendants in a case based on a personal *Page 1300 
injury sustained on a construction site. We affirm.
On September 23, 1988, Willie Bell sued Sugarwood Homes, Inc., Eddie Abbott, and various fictitiously named parties, to recover damages for personal injuries he sustained on September 14, 1987, while working for a brickmason subcontractor on the construction of a residence in Shelby County, Alabama. Bell alleged that the roofing subcontractor, Abbott, negligently dropped a piece of lumber onto Bell's head; that Sugarwood Homes was the building contractor for the construction, and, as such, had negligently failed to provide a reasonably safe workplace for Bell; and that Abbott and Sugarwood Homes had thereby caused his injuries.
On March 22, 1990, Bell amended the original complaint to substitute Lynda Bryant for fictitiously named parties B and F. Party B had been designated as "that person, firm or corporation who had the right to control the activities and conduct of the individual who negligently dropped the piece of lumber, which struck [Bell]," while party F had been designated as "that person, firm or corporation who negligently supervised, hired or controlled the performance of work by Eddie Abbott." On April 24, 1990, Bryant answered Bell's complaint, asserting the defense of the statute of limitations and denying that she had been properly substituted for a fictitiously named party.
The case was tried before a jury February 3, 1992. At the conclusion of Bell's evidence, Abbott, Sugarwood Homes, and Bryant each moved for a directed verdict. The trial court directed a verdict in favor of Sugarwood Homes and Bryant, but overruled Abbott's motion.[1] The trial of Bell's claims against Abbott concluded on February 6, 1992, when the trial court entered a judgment on the jury's verdict for Bell against Abbott in the amount of $107,174.20 plus costs.
On February 25, 1992, Bell moved for a new trial, or in the alternative, to alter, amend, or vacate the judgment that the trial court had entered in favor of Bryant and Sugarwood Homes based on the directed verdicts for those defendants. The court overruled Bell's motion, and Bell appealed the judgment for Sugarwood Homes and Bryant.
Under the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975) a directed verdict is proper when the plaintiff has failed to present substantial evidence as to one or more of the elements of the plaintiff's cause of action. Danford v. Arnold,582 So.2d 545 (Ala. 1991); Chamlee v. Johnson-Rast Hays,579 So.2d 580 (Ala. 1990); Koch v. State Farm Fire Cas. Co.,565 So.2d 226 (Ala. 1990). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989).
In reviewing a trial court's ruling on a motion for a directed verdict, the appellate court must determine whether the party having the burden of proof has produced substantial evidence creating a question requiring resolution by the jury.Anderton v. Gentry, 577 So.2d 1261 (Ala. 1991). A party moving for a directed verdict is required to show that the party having the burden of proof has presented no question of material fact for a jury to resolve.
The evidence reflects that on the morning of September 14, 1987, Bell was struck in the head by a piece of lumber (referred to in the record as a "toeboard") while he was working as a brickmason's helper on a residential construction job. The piece of lumber had been thrown from the roof by Abbott, who was working as the roofing subcontractor on the house.
The residence on which Bell was working was being built as the personal residence of Lynda Bryant, and she was serving as *Page 1301 
the general contractor on the project. Although Bryant was the president and a 50% shareholder of Sugarwood Homes, Inc., a residential construction company, the lot was deeded to her personally and she personally acquired the building permit. There was no agreement between Bryant and Sugarwood Homes concerning the construction of the home. Upon completion of the residence in December 1987, Bryant moved into the house, and she was still living there at the time of trial.
Abbott was roofing Bryant's house pursuant to an oral agreement with Bryant. The evidence reflects that Abbott was an independent subcontractor, employing one or two helpers to assist him, paying those helpers and directing the way they did their work. Bryant did not supply Abbott or his crew with any tools, supplies, or materials necessary for them to roof her house.
It is fundamental that generally neither a premises owner nor a general contractor is responsible for the negligent acts of an independent contractor. Boroughs v. Joiner, 337 So.2d 340
(Ala. 1976). By an exception to the general rule, under the principles of respondeat superior, an independent contractor's negligence may be imputed to a premises owner or to a general contractor if the owner or general contractor reserved a right to control the work of the independent contractor. Pate v.United States Steel Corp., 393 So.2d 992, 994 (Ala. 1981). The record does not indicate that Bryant or Sugarwood Homes reserved the right to control Abbott's work or activities in roofing Bryant's home.
Bell argues that the directed verdicts in favor of Bryant and Sugarwood Homes were improper because, he contends, Abbott's throwing toeboards from the rear of the house was a "hidden defect" that existed on Bryant's premises on the day in question and, therefore, he says, Sugarwood Homes and Bryant are liable for his injuries. However, as the evidence indicates, it was not a defect in the premises that caused Bell to be injured, but rather a negligent act by the roofing subcontractor.
Although the trial court did not specify the grounds upon which it based the directed verdicts, the record indicates that Bryant was entitled to a directed verdict because she was not properly made a party to Bell's action. Payne v. AlabamaCemetery Ass'n, Inc., 413 So.2d 1067 (Ala. 1982). Bell attempted to substitute Lynda Bryant as a defendant more than 17 months after he had filed his original complaint and more than 30 months after he had sustained the personal injuries that were the basis of his complaint. Section 6-2-38, Ala. Code 1975, provides that personal injury actions based on negligence must be brought within two years. The accident in which Bell was injured occurred on September 14, 1987, but Bryant was not added as a defendant until March 22, 1990. The plaintiff's claim is time-barred if he did not properly follow Rule 9(h) in substituting Bryant for the fictitiously named defendant; if he did properly follow Rule 9(h), then, pursuant to Rule 15(c), the substitution relates back to the filing of the original complaint.
In order to invoke the relation-back principle and proceed under Rule 9(h), the plaintiff has the burden of satisfying two conditions:
 "1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued."
Columbia Engineering International, Ltd. v. Espey,429 So.2d 955, 958-59 (Ala. 1983).
The record reflects that on the date of the accident Bell was placed on notice of Bryant's identity. It is undisputed that Bryant was present at the construction site on the day of the accident and that she took Bell to a doctor after the accident occurred. After the visit to the doctor, she took Bell home and gave him a business card with her name and telephone number on it. Bell's employer testified that, after the accident, Bell asked him for the name *Page 1302 
of the owner of the property and that he gave him Bryant's name.
The facts of this case are analogous to the facts presented in Kinard v. C.A. Kelly Co., 468 So.2d 133, 135 (Ala. 1985). In Kinard, a tenant injured in the parking lot of an apartment building sued the lessor and various fictitiously named parties. The trial court entered a summary judgment in favor of the defendants whom the plaintiff had later sought to substitute for the fictitiously named parties, and the tenant appealed. In affirming the judgment, we noted that the reason for having the "fictitious parties" rule is to ensure that "[t]he diligent plaintiff who is truly ignorant of the defendant's identity at the time of filing the original complaint is not penalized." Id. at 135. We further noted:
 "The recalcitrant plaintiff cannot, however, use the rule to gain what might otherwise amount to an open-ended statute of limitations. We opine that the same policy considerations which require a plaintiff to amend his complaint within a reasonable time after learning the defendant's true identity also require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant."
Id. The Kinard Court concluded that, although the plaintiff had filed her complaint within the statutory period of limitations, she had not acted reasonably with regard to discovering the true names of the parties named fictitiously in the original complaint, and the Court concluded, therefore, that the trial court had properly entered the summary judgment in favor of the substituted parties.
For these reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] The directed verdict for Sugarwood Homes was based upon testimony that Bryant herself was acting as contractor, not Sugarwood Homes. There was no evidence that Bell had an agreement with Sugarwood Homes.