INGRAM, Justice.
Mitch Upton sued Betty Heaton, Dinah Etchison, and Mary Frances Bowman (hereinafter referred to collectively as “Heaton”) for damages based on harm he claimed to have incurred when a roofing company’s employee fell through the roof on the leased building in which Upton was conducting his business. The trial court entered a summary judgment for Heaton. Upton appeals.
Upton operated an automotive parts business and machine shop in a building leased from Heaton.[1] The lease was a month-to-month tenancy under an oral agreement. In 1993, Heaton, after noticing a hole in the roof of the building, contacted Ricky Hyfield of Hyfield Roofing Company and requested an estimate on the cost of reroofing the building. After receiving the estimate, Heaton hired Hyfield to do the roofing work.
While Hyfield was replacing the roof, one of his employees fell through the roof; Upton claimed that this fall caused damage to Upton’s inventory, machinery, and equipment. Upton sued Heaton, contending that Heaton had voluntarily undertaken to hire a roofing company to make repairs and was therefore liable for any damage caused by the roofing company.
It is fundamental that generally a premises owner is not responsible for the negligent acts of an independent contractor. Bell v. Sugarwood Homes, Inc., 619 So.2d 1298 (Ala.1993); Klein v. Mr. Transmission, Inc., 294 Ala. 437, 318 So.2d 676 (1975); Bains v. Dank, 199 Ala. 250, 74 So. 341 (1917). One exception to this general rule is when the owner reserves a right to control the work of the independent contractor. Bell, supra. Another exception is when the work to be performed is a nondelegable duty or, in other words, is of such a nature that it is inherently or intrinsically dangerous. Bacon v. Dixie Bronze Co., 475 So.2d 1177 (Ala.1985); see also Fuller v. Tractor & Equipment Co., 545 So.2d 757 (Ala.1989).
Here, neither exception is applicable. It is undisputed that Heaton owed no obligation of repair to Upton by reason of contract or by law. The evidence is undisputed that Heaton neither directed the manner in which the contractor performed his work nor reserved any right of control over the roofing repair. Further, Upton presented no evidence that the roof repair was inherently or intrinsically dangerous.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and COOK, JJ., concur.

. The building was actually owned by Heaton's mother, Mary Frances Bowman, who is presently in a nursing home. Heaton and her sister, Dinah Etchison, were managing their mother's property pursuant to a power of attorney.