In August 1996, Stephen A. Ball, Jr., and Ann Ball sued Alfa Realty, Inc., Sheldon W. Farnham, and Maxine H. Farnham, alleging, among other things, fraudulent misrepresentation in the sale of a residence. A jury returned a verdict for the Balls, awarding them $100,000 in compensatory damages and $50,000 in punitive damages. The trial court entered a judgment on the verdict. Alfa and the Farnhams filed a motion for a judgment as a matter of law at the close of the Balls' evidence and another such motion at the close of all the evidence, both of which the trial court denied. Alfa and the Farnhams renewed their motion for a judgment as a matter of law after the jury returned its verdict; the court also denied that motion. Alfa and the Farnhams appealed to the Supreme Court which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Alfa and the Farnhams argue on appeal: (1) that the trial court erred by submitting the fraudulent misrepresentation claim to the jury; and (2) that the trial court erred by giving jury instructions regarding fraudulent suppression when, they argue, the Balls did not properly plead a fraudulent suppression claim.
"In reviewing a trial court's ruling on a motion for a directed verdict [now named a motion for a judgment as a matter of law], the appellate court must determine whether the party having the burden of proof [the Balls] has produced substantial evidence creating a question requiring resolution by the jury." Bell v.Sugarwood Homes, Inc., 619 So.2d 1298, 1300 (Ala. 1993). In this case, the Balls had the burden of proof. The appellate court must also "view all the evidence in a light favorable to the [Balls] and must entertain such reasonable evidentiary inferences as the jury would be free to draw." Renfro v. *Page 425 Georgia Power Co., 604 So.2d 408, 411 (Ala. 1992).
Alfa and the Farnhams argue that the trial court erred by submitting the fraudulent misrepresentation claim regarding the roof to the jury. The elements of fraudulent misrepresentation are: (1) that the defendant made a false representation to the plaintiff; (2) that the representation concerned a material matter; (3) that the plaintiff relied on that representation; and (4) that the reliance proximately caused the plaintiff to incur damage.Reeves Cedarhurst Dev. Corp. v. First American Fed. Sav. LoanAss'n, 607 So.2d 180 (Ala. 1992). Alfa and the Farnhams argue that the Balls did not present substantial evidence that they relied on any representations regarding the roof's condition.
Alfa and the Farnhams argue that because the Balls hired an engineer to inspect the house, one must conclude that they did not believe the Farnhams' representations regarding the roof, and, therefore, did not rely on the Farnhams' representations. We agree with Alfa and the Farnhams.
During direct examination, Mr. Ball testified that the inspection report verified the structural integrity of the house and did not verify the condition of the roof. He further testified that he relied on the Farnhams' representations because the Farnhams had lived in the house and because they were Alfa real estate agents whom he believed to be trustworthy, and that he would not have bought the house except for the Farnhams' representation that the roof did not leak. On cross-examination, however, Mr. Ball testified that after the Farnhams told him that the house did not have roof leaks, he was still concerned about possible leaks, and that that concern prompted him to hire the engineer to inspect the house.
Our supreme court has written:
 "To claim reliance upon a mis-representation, the allegedly deceived party must have believed it to be true. If it appears that he was in fact so skeptical as to its truth that he placed no confidence in it, it cannot be viewed as a substantial cause of his conduct. Halbrooks v. Jackson, 495 So.2d 591 (Ala. 1986); Ex parte Leo, 480 So.2d 572 (Ala. 1985). . . . The undisputed fact that [Mr. Ball] was unwilling to accept the statement of the [Farnhams] without verification is evidence that he did not rely on it. Based on his testimony, it is clear that [the purchaser] was unwilling to accept the statement of the [seller] regarding the [condition of the roof]."
Smith v. J. H. Berry Realty Co., 528 So.2d 314, 316 (Ala. 1988) (emphasis added). The trial court erred in submitting the fraudulent misrepresentation claim to the jury.
Alfa and the Farnhams next argue that the trial court erred by instructing the jury as to fraudulent suppression regarding the condition of the heating and air conditioning systems because, they say, the Balls did not raise those issues in their pleadings. Rule 15(b), Ala.R.Civ.P., states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The Balls presented evidence suggesting fraudulent suppression, and Alfa and the Farnhams, without objecting, presented evidence to contest the Balls' allegations of fraudulent suppression; therefore, Alfa consented to the trial of the fraudulent suppression claim.
The elements of a fraudulent suppression claim are: "(1) a duty to disclose the facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act, and (4) action by the plaintiff to his injury." Cato v. Lowder Realty Co., 630 So.2d 378, 383 (Ala. 1993).
Alfa argues that the Farnhams, its agents, had no duty, as a matter of law, to disclose the condition of the heating and air conditioning systems. Our supreme *Page 426 
court has stated the duty of a seller of used residential real estate as follows:
 "Although Alabama retains the caveat emptor rule with regard to the resale of used residential real estate (Ray v. Montgomery, 399 So.2d 230
(Ala. 1980)), it is not applicable under certain circumstances, when the purchaser of a used house inquires directly (either of the seller or of the seller's agent), prior to closing, about a material defect or condition of the home. . . .
 "Moreover, if the agent (whether of the buyer of the seller) has knowledge of a material defect or condition that affects health or safety and the defect is not known to or readily observable by the buyer, the agent is under a duty to disclose the defect and is liable for damages caused by nondisclosure. This duty is also placed on the seller. See Cashion v. Ahmadi, 345 So.2d 268, 270 (Ala. 1977)."
Fennell Realty Co. v. Martin, 529 So.2d 1003, 1005 (Ala. 1988) (emphasis added).
Ball concedes that neither he nor his wife made any direct inquiry as to the condition of the heating and air conditioning systems and that there was no fiduciary relationship between them and the Farnhams. Ball does contend that the heating and air conditioning systems were in a dangerous condition and that that condition affected the Balls' health and safety. Alfa argues that the Farnhams did not present evidence that the systems were in a dangerous condition affecting the Balls' health and safety. Alfa and the Farnhams did not raise on appeal the issues of the Balls' knowledge of the defect or the Farnhams' knowledge of the defect.
Jay Wiggins, a heating and air conditioning contractor, was hired by the Balls to service their unit. He testified as to the condition of the heating system:
 "A. When we first went down there, [Mrs. Ball] said she couldn't get any heat to come on. . . . And we cut the unit on and it blew up. What I mean by blowing up, I mean, it's an old roof unit and it has a little stack that comes off the top of it, the heat exchanger is right in here and it just blew the stack off. . . . [T]he heat exchanger was cracked due to that. . . . The capacitators were burned up, the wires were burned up going to the compressor. . . . So we showed [Mrs. Ball] everything, and just told her it was probably more economical just to put a new system in there and go that route. So that's what she decided to do. In my opinion, it was junked out.
". . . .
 "Q. The problem like you just described it to me, does that take a while to occur? Is it something that's gradual that you should notice?
 "A. If you have a crack in the heat exchanger, it can catch the unit on fire and burn the house down, is one thing."
Wiggins's testimony presents substantial evidence indicating that the heating and air conditioning systems were, on the date of closing, in a dangerous condition that could affect the Balls' health and safety; specifically, the condition of the systems was a fire hazard. Therefore, the trial court properly submitted the fraudulent suppression claim to the jury.
In this case, the trial court submitted a "good count," fraudulent suppression, and a "bad count," fraudulent misrepresentation, to the jury. Because the jury returned a general verdict, we cannot assume that the jury based its verdict on the "good count"; therefore, the judgment of the trial court is reversed and the cause is remanded for a new trial. Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J, and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result. *Page 427